United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| EUGENE HART, JR., | Case No. 26-cv-03175-LB |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| NATIONAL REAL ESTATE NETWORK, | Re: ECF No. 1 |
| Defendant. | |

### INTRODUCTION

Plaintiff Eugene Hart, Jr., who is representing himself and proceeding in forma pauperis, sued National Real Estate Network, Lynette Lewis/Hart, Michelle Brussard, Vernon Gaines, Robert "Lee" Hart, Chaz Long, and Oneita E. Hart in connection with the sale of his late grandmother's home. He alleges violation of the "Rule of Law," "property [and] land rights taken," and California Penal Code sections 487 (grand theft) and 115 (filing false documents).[1] The court does not have subject-matter jurisdiction: there is no federal-question jurisdiction because he does not allege facts supporting a federal claim, and no diversity jurisdiction because all parties are citizens of California. 28 U.S.C. §§ 1331, 1332(a). By July 13, 2026, the plaintiff may file a supplement to

---

[1] Compl. – ECF No. 1 at 1–2 (¶¶ 2–3, and case caption), 2:15, 5:4, 6:3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

his complaint with facts about jurisdiction or a one-page dismissal of the case without prejudice to his pursuing claims in state court. If he does not, the case may be dismissed without prejudice to filing a case in state court.

## STATEMENT

The plaintiff's grandmother "died at the end of making all the payments" on her rent-to-own home. After the plaintiff's uncle also died, the plaintiff's "family members and associates" sold the home and "the name of the real estate company changed to NAR: Nat'l Association of Realtors from the original name of Nat'l Real Estate Network." The plaintiff alleges he was the rightful heir to the property as the only living family member. He appears to allege that someone impersonated his identity, presumably to conduct the sale of the property.[2]

The complaint alleges that these facts constitute violations of the rule of law, property and land rights, and Cal. Penal Code §§ 115, 487. He asks "the court to realize all the wrongs that this mistake has caused . . . order the defendants to stop copyright infringing using the home in a manner that disrespects my immediate family that has passed away," and wants his grandmother's house.[3]

## ANALYSIS

Before a court can direct the U.S. Marshal to serve — under Fed. R. Civ. P. 4(c)(3) — the complaint of a person proceeding in forma pauperis under 28 U.S.C. § 1915(a), the court must determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

---

[2] *Id.* at 3:16–25 (cleaned up), 4:21–28, 6:4–19, 7:10–11.

[3] *Id.* at 2:15, 5:4, 6:3, 7:6–14 (Demand for Relief).

United States District Court
Northern District of California

There are two ways to establish jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal-question jurisdiction exists if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. *Id.* § 1332(a); *Caterpillar*, 519 U.S. 61 at 68.

The court lacks federal-question and diversity jurisdiction. There is no diversity jurisdiction because the parties are all citizens of California. 28 U.S.C. § 1332(a). The plaintiff claims wrongful acts by his family that fraudulently denied him his inherited right to his grandmother's home. These claims against private actors arise only under state law. *Harris v. Zion Sav. Bank & Tr. Co.*, 317 U.S. 447, 450 (1943) ("[D]istribution of a decedents' estates and the right to succeed to the ownership of realty and personalty are peculiarly matters of states law."); *Gregorio v. Singelton*, No. 18-cv-00568-HSG, 2018 WL 857388, at *2 (N.D. Cal. Feb. 14, 2018) (no federal question in alleged wrongful transfer of real property to a third party because the "complaint asserts only state law causes of action concerning real property"); *Dixon v. Dir., Off. of Dist. Att'y*, No. 22-cv-01315-HSG, 2022 WL 834318, at *2 (N.D. Cal. Mar. 21, 2022) (dismissing inmate's complaint alleging district attorneys fraudulently submitted false annual reports in part because fraud is a state claim).

### CONCLUSION

On this record, the court lacks subject-matter jurisdiction. By July 13, 2026, the plaintiff must file a supplement to his complaint explaining facts that support a federal claim. He does not need to provide his legal theories and instead must explain all facts supporting his claim, meaning, who violated his rights and how they did so. Alternatively, the plaintiff may file a one-page dismissal, which would operate as a dismissal without prejudice to pursuing any viable claims in state court. A failure to comply with these requirements may result in dismissal of the case without prejudice.

**IT IS SO ORDERED.**

Dated: June 12, 2026

LAUREL BEELER
United States Magistrate Judge